```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              Criminal No. 13-004(2)(DSD/JSM)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Jose Enrique Mederos-Benitez,

       Defendant.

    Thomas M. Hollenhorst, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Jose Enrique Mederos-Benitez, #16767-041, FCI-Sandstone, P.O. Box 1000, Sandstone, MN 55072, defendant pro se.

This matter is before the court upon the motion by defendant Jose Enrique Mederos-Benitez for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On May 14, 2013, Mederos-Benitez pleaded guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine and 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of using, carrying, and possessing a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The court sentenced Mederos-Benitez on August 28, 2013, to the mandatory minimum term of imprisonment of 120 months on Count 1 and 60 consecutive months on Count 6. Mederos-Benitez now moves for a reduction in his total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The government opposes the motion on the ground that

the statutory mandatory minimum precludes application of the amendment in this case.  The court agrees.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range.  18 U.S.C. § 3582(c).  In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels.  See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782.  The two-level reduction is not applicable, however, where, as in this case, the sentence was imposed pursuant to a statutory mandatory minimum term of imprisonment.  See U.S.S.G. § 1B1.10, Application Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... if ... the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... a statutory mandatory minimum term of imprisonment[.]"); see also id. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); United States v. Golden, 709 F.3d 1229, 1233 (8th Cir. 2013) (rejecting application of a similar amendment under § 3582(c) because "the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range").

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 149] is denied.

Dated:  March 4, 2016

                                        <u>s/David S. Doty</u>
                                        David S. Doty, Judge
                                        United States District Court